**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ROBERT H. INZER, <u>et</u> <u>al.</u>       :
                                        :
v.                                      :    Civil No. WMN-06-CV-1802
                                        :
AEGIS WHOLESALE CORPORATION       :
                                        :

<u>**MEMORANDUM**</u>

Before the Court is the motion of the Plaintiffs, Robert H.
Inzer and Dorothy Inzer ("the Inzers"), to remand this action to
the Circuit Court for Frederick County, Maryland.  Paper No. 12.
Defendant, Aegis Wholesale Corporation ("Aegis"), did not oppose
the Motion for Remand, apparently relying solely on the arguments
presented in its Notice of Removal.  Paper No. 1.  Upon review of
the pleadings and the applicable case law, the Court has
determined that no hearing is necessary and that the Motion for
Remand will be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On June 5, 2006, the Inzers filed a complaint in the Circuit
Court for Frederick County, Maryland alleging unfair and
deceptive trade practices, fraud, and violations of the Maryland
Commercial Law in connection with the refinancing of a home
mortgage.  The Inzers, residents of Frederick, Maryland,
refinanced their home mortgage in May of 2005 as a result of a
telephone solicitation by Mike DiPanni ("DiPanni"), an employee
of Provident Capital Mortgage ("Provident") who worked in Delray
Beach, Florida.  DiPanni offered to refinance the Inzers' home
mortgage at a fixed interest rate of 1% for a term of five years.
The loan papers DiPanni mailed to the Inzers listed Aegis as the

lender.  Initially, the Inzers refused to sign the loan papers, citing inconsistences between the terms listed and DiPanni's verbal offer.  After receiving verbal representations by DiPanni guaranteeing the 1% loan and a written letter from DiPanni citing the principal amount and the 1% rate, the Inzers signed and returned the loan papers.

The Inzers claim that DiPanni and Provident acted as agents of Aegis.  They further allege that Aegis rewarded DiPanni and Provident by paying a yield spread premium fee for selling the Inzers a high cost loan.  Following the refinancing of the Inzers' mortgage, Aegis transferred the loan to Countrywide Home Loans ("Countrywide").  In November of 2005, Countrywide raised the Inzers' interest rate from 1% to 6.25%.

After applying for the loan, the Inzers did not receive any notification that their application for the 1% five-year fixed-rate loan was denied.  They also did not receive an adverse action notice, a financing agreement within 10 days of their loan application, or a commitment paper stating the final terms of the loan within 72 hours before settlement.  The Inzers allege that these notification failures constitute violations of the duties imposed on lenders by the federal Fair Credit Reporting Act ("FCRA"), the federal Equal Credit Opportunity Act ("ECOA"), and Maryland Commercial Law.

In Count I of their Complaint, the Inzers claim that Aegis' actions, misrepresentations, and notification failures violated the Maryland Unfair or Deceptive Trade Practice Act ("Maryland

CPA").  Md. Code Ann., Com. Law § 13-101, et seq.  Count II
alleges that Aegis engaged in common law fraud, and Count III
alleges that Aegis failed to comply with the financing agreements
provision of the Maryland Commercial Code.  Md. Code Ann., Com.
Law § 12-125.  For each of these counts, the Inzers allege
entitlement to an unspecified amount of damages, including, where
available, compensatory damages, punitive damages, costs, "and
such other and further relief that the nature of their cause may
require."  Paper No. 2, pp. 6-8.

On July 14, 2006, Aegis removed this case to the United
States District Court for the District of Maryland pursuant to 28
U.S.C. § 1441.  In its Notice of Removal, Aegis alleged federal
jurisdiction based on both subject matter and diversity
jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332(a).  In their
Motion for Remand, the Inzers contend that no valid grounds for
removal exist and ask this Court to remand the action to the
Circuit Court for Frederick County, Maryland, and to award
appropriate costs relating to removal.

## II. DIVERSITY JURISDICITON

Diversity removal requires complete diversity of citizenship
and an amount in controversy in excess of $75,000 exclusive of
interest and costs.  28 U.S.C. § 1332(a).  Generally, the
defendant has the burden of demonstrating federal jurisdiction.
Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th
Cir. 2005).  Due to federalism concerns, removal statutes are
strictly construed and all doubts will be resolved against

3

removal.  Id.

Here, the Inzers challenge jurisdiction on the grounds that the $75,000 amount in controversy requirement has not been established.[1]  Where a plaintiff claims an unspecified amount of damages in state court, "[t]he burden rests with [the d]efendant to establish by a preponderance of the evidence that the matter in controversy exceeds the value of $75,000.00."  McKenzie v. Ocwen Fed. Bank FSB, 306 F. Supp. 2d 543, 547 (D. Md. 2004).[2]

The Inzers' complaint specifies no particular amount of damages, however, in their Motion to Remand, the Inzers admit that their claim for compensatory damages would amount to approximately $42,525.[3]  Though the complaint also alleges punitive damages, attorneys fees, and such other relief that the nature of their cause may require,[4] Aegis has presented no

---

[1] It is undisputed that the Inzers are citizens of Maryland and that Aegis is a Delaware corporation with its principle place of business in Houston, Texas.  Thus, complete diversity exists in accordance with the requirements of 28 U.S.C. § 1332(a).

[2] Conversely, where a plaintiff's complaint claims a specific amount of damages that are less than $75,000, the defendant can only remove by showing to a legal certainty that the plaintiff would recover more than that amount if successful.  Momin v. Maggiemoo's Int'l, L.L.C., 205 F. Supp. 2d 506, 509 (D. Md. 2002).

[3] To arrive at this number, the Inzers calculated the excess rate of interest (5.25%) on their $180,000 loan over the course of 4.5 years, the approximate time during which their loan would be subject to the increased rate of 6.25%.  Paper No. 12, p. 3.

[4] The determination of the amount in controversy includes claims for both punitive damages and attorney's fees.  Biktasheva v. Red Square Sports, Inc., 366 F. Supp. 2d 289, 294-95 (D. Md. 2005).

evidence suggesting that the additional relief claimed would elevate the Inzers' claim above the jurisdictional minimum. Aegis did not oppose the Inzers' Motion to Remand and, in its Notice of Removal, Aegis simply recited the categories of damages that the Inzers' claimed as relief.  Aegis has failed to offer any evidence as to the potential amount of the Inzers' non-compensatory claims.  Thus, Aegis has failed to meet its burden of establishing by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement of § 1332(a).  See De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995) (More than simply identifying a state law under which the plaintiff may recover the requisite amount, the preponderance burden requires the defendant to "produce evidence that establishes that the actual amount in controversy exceeds [$75,000].").

## III.  FEDERAL QUESTION JURISDICTION

Aegis also argues that subject matter jurisdiction exists in federal court under 28 U.S.C. § 1331, because the Inzers' complaint raised substantial questions of federal law. Specifically, Aegis contends that the Inzers' predicated their allegation of common law fraud on Aegis' alleged failure to comport with the notification requirements of the federal Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d), and the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(m).

A case arises under federal law where federal law creates

the cause of action or where "the vindication of a right under state law necessarily turn[s] on some construction of federal law[.]" <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 9 (1983).  The mere presence of a federal issue in a state cause of action will not automatically confer federal question jurisdiction, rather, the plaintiff must show "(1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial."  <u>Dixon v. Coburg Dairy, Inc.</u>, 369 F.3d 811, 816 (4th Cir. 2004).  "If a plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law."  <u>Pinney v. Nokia, Inc.</u>, 402 F.3d 430, 442 (4th Cir. 2005).

The Inzers' complaint alleges sufficient grounds to establish the elements of common law fraud without relying on the resolution of a federal issue.  The Inzers' fraud claim alleges that Aegis "failed to make disclosures" required by law.  Though the complaint cites the disclosure requirements of the ECOA and the FCRA, it also cites similar disclosure provisions contained under §§ 14-1702, 14-1212, and 12-125 of the Maryland Commercial Code.  Further, the Inzers' allege that Aegis engaged in intentional verbal and written misrepresentations, unrelated to any issue of federal law, upon which the Inzers' justifiably relied to their detriment.  Because the essential elements of fraud exist in the complaint, independent of the disclosure

6

requirements of the ECOA or the FCRA, the Inzers' fraud claim does not necessarily depend on a question of federal law.  <u>See Pinney</u>, 402 F.3d at 442.  Thus, removal based upon federal question jurisdiction was not appropriate.

## IV. EXPENSES AND COSTS

The Court may award a payment of just costs and actual expenses incurred as a result of an improper removal pursuant to 28 U.S.C. § 1447(c).  Such an award is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal."  <u>Martin v. Franklin Capital Corp.</u>, -- U.S. --, 126 S. Ct. 704, 711 (2005).  Here, Aegis presented an objectively reasonable basis for removal based on diversity and federal question jurisdiction.  Thus, the Court will deny the Inzers' request for fees and expenses.

## V. CONCLUSION

For the above stated reasons, Plaintiffs' Motion for Remand will be GRANTED.  A separate order consistent with this memorandum will follow.

　　　　　　　　/s/ 　　　　　　　

William M. Nickerson
Senior United States District Judge

Dated: September 27, 2006